PETER D. LEPISCOPO, ESQ.  C.S.B.  #139583
BILL MORROW, ESQ.  C.S.B. #140772
MICHAEL W. HEALY,  C.L.S. #21880
JEREMIAH NEWCOMB, C.L.S. # 23267
JEREMY M. EVANS, C.L.S. #24211
LEPISCOPO & MORROW, LLP
2635 Camino del Rio South, Suite 109
San Diego, California 92108
Telephone:  (619) 299-5343
 Facsimile:  (619) 299-4767

FILED

10 MAY 14  AM 8: 32

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY

Attorneys for Plaintiffs, **STEVE BALDWIN** and **PACIFIC JUSTICE INSTITUTE**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

'10 CV 1 033 DMS      WMc

| | |
|---|---|
| STEVE BALDWIN and PACIFIC JUSTICE INSTITUTE, <br><br> Plaintiffs, <br><br> v. <br><br> KATHLEEN SEBELIUS, in her official capacity as Secretary of the United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; HILDA L. SOLIS, in her official capacity as Secretary of the United States Department of Labor; UNITED STATES DEPARTMENT OF LABOR; TIMOTHY F. GEITHNER, in his official capacity as Secretary of the United States Department of the Treasury; UNITED STATES DEPARTMENT OF THE TREASURY; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br> [Health Care Legislation:  P.L. 111-148 and P.L. 111-152] |

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action under 28 U.S.C. § 1331, as this case arises under the United States Constitution ("Constitution") and laws of the United States.

2.     This Court has jurisdiction over the herein requests for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure ("FRCP"), which also includes a request for a speedy decision and an advance on this Court's calendar under 28 U.S.C. 2201 and FRCP 57 and 65. In particular, plaintiffs seek declaratory and/or injunctive relief regarding the Health Care Legislation recently enacted, Public Law 111-148, *Patient Protection and Affordable Care Act* (Mar. 23, 2010; 124 Stat. 119; 906 pages), as amended by Public Law 111-152, *Health Care and Education Reconciliation Act of 2010* (Mar. 30, 2010; 124 Stat. 1029; 55 pages) (hereinafter collectively referred to as the "Act").[1]

3.     Venue is proper under 28 U.S.C. § 1391(b) & (e), because one of the plaintiffs resides in and the acts giving rise to the claims alleged herein have occurred, and continue to occur, in the Southern District of California.

## THE PARTIES

4.     Plaintiff Steve Baldwin ("Baldwin") is a citizen of the United States and a taxpayer, and he resides in the Southern District of California. He sues on behalf of himself, and, as to the Act's unconstitutional gender discrimination provisions, on behalf of himself and on behalf of all other similarly situated male United States citizens.

5.     Plaintiff Pacific Justice Institute ("Pacific Justice") is, and at all times mentioned herein was, a not-for-profit corporation, which is organized and existing under the laws of the State of California and which enjoys tax-exempt status under 26 U.S.C. §501(c)(3). Pacific Justice's principal place of business is located in Sacramento, California, but it also engages in

---

[1]   Hereinafter all references to "section" or "§" shall refer to the Act (in particular P.L. 111-148).

1    activities (as set forth below in greater detail) in the Southern District of California. Pacific

2    Justice sues on behalf of itself in its capacity as an employer, as well as on behalf of its

3    contributing members relating to the mission, interests, and purpose of Pacific Justice.

4
         **6.**    Defendant Kathleen Sebelius is sued in her official capacity as Secretary of the
5
     United States Department of Health and Human Services. Secretary Sebelius has primary
6
     enforcement authority under the Act.
7
         **7.**    Defendant United States Department of Health and Human Services ("HHS") is
8
9    the largest civilian department in the federal government and as such is the primary federal

10   agency charged with enforcement of the Act.

11       **8.**    Defendant Hilda L. Solis is sued in her official capacity as Secretary of the United
12
     States Department of Labor. Secretary Solis has enforcement authority under the Act in areas
13
     relating to labor and employment.
14
         **9.**    Defendant United States Department of Labor ("Labor Department") is a
15
16   department in the federal government and as such is the federal agency charged with

17   enforcement of the Act in areas relating to labor and employment.

18
         **10.**   Defendant Timothy F. Geithner is sued in his official capacity as Secretary of the
19
     United States Department of the Treasury. Secretary Geithner has enforcement authority under
20
     the Act in areas relating to overseeing the collection of taxes and enforcement of United States'
21
22   laws of taxation.

23       **11.**   Defendant United States Department of the Treasury ("Treasury Department") is a
24
     department in the federal government and as such is the federal agency charged with
25
     enforcement of the Act in areas relating to overseeing the collection of taxes and enforcement
26
     of United States' laws of taxation.
27

28

1      **12.**   Plaintiffs are ignorant of the true names and capacities, whether individual,

2  corporate, associate, or otherwise, of DOES 1 through 20, inclusive.   Plaintiffs are informed

3  and believe and thereon allege that each of the fictitiously named Defendants is in some way

4  responsible for or participated in or contributed to the matters and things complained of herein,

5  and are legally responsible in some manner therefor.   Plaintiffs will seek leave to amend this

6  Complaint when the true names, capacities, participation, and responsibilities have been

7

8  ascertained.

9                             **FACTUAL BACKGROUND**

10     **13.**   Baldwin served in the California Assembly for the years 1994 through 2000, at

11  which time he was termed-out under California's Term Limits law. During his tenure in the

12  California Legislature, he served as Minority Whip and as Chairman of the Education

13

14  Committee and served on the Insurance Committee, the Health Committee, the Higher

15  Education Committee, the Hi-Tec Committee, and the Revenue and Taxation Committee.

16     **14.**   As far as specific legislative areas, Baldwin sponsored legislation creating medical

17  savings accounts; business legislation to reduce taxes or reduce regulation; and education

18  reform bills relating to phonics, the creation of state-wide academic standards, charter schools,

19

20  and vouchers.

21     **15.**   After he completed his tenure in the California Legislature in 2000, he took the

22  position of Executive Director of the Council for National Policy ("CFNP"). CFNP is a

23  nonpartisan, educational foundation, whose members are dedicated to the Founding Fathers'

24  belief in limited government. *See*, Council for National Policy website, *About Us*,

25  http://www.cfnp.org/Page.aspx?pid=180   (accessed: May 5, 2010).

26

27

28

---

16.   As to his health concerns, Baldwin experiences health issues relating to his prostate, and, therefore, desires for there to be increased research in men's health including in the areas of prostate health and prostate cancer. In this regard, provisions of the Act unconstitutionally discriminate against Baldwin because of his gender.

17.   Baldwin is a devout and practicing Christian. He is offended and deeply troubled that many provisions of the Act are in violation of his religious liberties secured by the Establishment Clause of the First Amendment to the Constitution.

18.   Baldwin is pro-life and supports protection of the sanctity and dignity of human life at all stages, and, therefore, is opposed to abortion at any stage of pregnancy. He is offended and troubled by and does not support the use of public funds for abortion. In this regard, Baldwin objects to the Act's appropriation of public funds to support and conduct abortions.

19.   Baldwin does not consent to being compelled by the Act to maintain health care insurance, as Congress lacks authority under Article I of the Constitution to enact such legislation, and, therefore, the defendants herein lack authority under the Constitution to enforce the Act. *See, e.g., Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 585 (1952)("*Youngstown*").

20.   Baldwin does not consent to being compelled by the Act to maintain health care insurance, as Congress has added police powers to the Enumerated Powers set forth in Article I, section 8 of the Constitution, which violates the amendment process set forth in Article V of the Constitution.

/////

/////

**21.**   Baldwin objects to the Act's provisions compelling him to maintain health care insurance because they violate his right to privacy protected under the Constitution and Bill of Rights.

**22.**   In addition, Baldwin's physician-patient privilege protected by the Fifth Amendment to the Constitution and under federal and state law is violated by the Act's provisions compelling that his private health and medical information be, without his consent and against his will, collected, archived, and tracked by and then disseminated to state officials and the defendants and to persons in defendants' respective agencies.

**23.**   In addition, Baldwin's right to privacy is violated by the Act's provisions compelling that his private health, medical, and financial information be, without his consent and against his will, collected, archived, and tracked by and then disseminated to state officials and the defendants and to persons in defendants' respective agencies.

**24.**   Baldwin objects to the Act's provisions compelling him to maintain health care insurance because they violate his privacy right over his person and his privacy right to define oneself in a manner and to such extent as to retain the sole authority as to whether he decides to request or deny medical care or whether he decides to maintain or not maintain health insurance, all of which are protected by the Constitution and Bill of Rights.

**25.**   In addition, Baldwin believes the Act violates his conscience and/or privacy liberties secured by the Constitution and the Bill of Rights.

**26.**   Pacific Justice maintains an organizational Statement of Faith, which provides:

"There is one God, eternally existent in three persons: Father, Son, and Holy Spirit. Jesus Christ is the Son of God. He led a sinless life, took on Himself all sin, died and rose again. Salvation by regeneration of the Holy Spirit is available through faith in Christ. The spiritual unity of believers is expressed through love for fellow believers. We believe the Bible to be the inspired, the only infallible, authoritative Word of God."

**27.**   Pacific Justice is an employer and provides health care insurance to its employees.

**28.**   Pacific Justice relies upon tax-deductible, charitable contributions for its operating budget.

**29.**   Pacific Justice is a public interest and an education and legal defense organization. As will be set forth in greater detail below, the areas in which Pacific Justice provides education and legal representation include but are not limited to: religious liberties; freedom of speech, association, and assembly; protection and sanctity of human life; parental rights; students' rights in public schools and colleges; religious charities; employees' rights in the workplace; union members' rights regarding contribution to charities.

**30.**   Although Pacific Justice primarily represents Christians and Christian religious organizations and nonprofits, it does represent individuals and religious organizations of other faiths as well.

**31.**   Pacific Justice handles cases addressing religious freedom including church and private school rights issues, curtailments to evangelism by the government, harassment because of their religious faith, employers attacked for their religious-based policies, students and teachers rights to share their faith at public schools.

**32.**   Pacific Justice provides education and legal representation to houses of worship, pastors, congregants, and individuals relating to matters of conscience, religious liberties, and freedom of speech, association, and assembly.

**33.**   Pacific Justice sponsors and facilitates training sessions to Church pastors and leadership. During these sessions, Pacific Justice provides presentations and clear written guidelines to pastors and church leadership about their state and federal constitutional rights and responsibilities in the political arena, and addresses some of the most common topics that

houses of worship handle every day. These topics include distributing political materials at church, setting up voter registration tables, having politicians speak at church services, educating congregations, and pastors' personal political views.

34.   Pacific Justice does not consent to being compelled to comply with the Act, as Congress lacks authority under Article I of the Constitution to enact such legislation, and, therefore, the defendants herein lack authority under the Constitution to enforce the Act. *See*, *Youngstown, supra.*

35.   Pacific Justice does not consent to being compelled to comply with the Act, as Congress has added police powers to the Enumerated Powers set forth in Article I, section 8 of the Constitution, which violates the amendment process set forth in Article V of the Constitution.

36.   Pacific Justice provides education and legal defense to persons and organizations that engage in religious, speech, assembly, and association activities regarding the protection of the sanctity of human life. Moreover, Pacific Justice is pro-life and does not support the use of public funds for abortion. In this regard, Pacific Justice objects to the Act's use of public funds to support abortion.

37.   Pacific Justice also represents houses of worship and other religious organizations in land-use issues, including those protected by the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2200cc, *et seq*. ("RLUIPA").

38.   Pacific Justice provides education and legal representation to parents regarding their fundamental rights to educate and discipline their children. In addition, Pacific Justice works hard to defend the rights of parents, including their right to homeschool, review and have notice of public school curriculum and presentations, and have their children opt-out from

objectionable material. In addition, Pacific Justice provides emergency counsel to parents dealing with a social worker who has yet to take their children.

39.   Pacific Justice provides education and legal representation to preserve students' rights to share their faith and be protected from indoctrination, providing resources to help promote religious beliefs and protect evangelism within the public schools, and provides educational resources to help parents choose an alternative to public education.

40.   Pacific Justice provides education and legal representation to employees regarding exercise of their religious freedom in the workplace, as well as providing workplace training and other valuable resources.

41.   Pacific Justice provides legal representation and education to Christian charities regarding their religious, speech, and association rights protected by the Constitution and Bill of Rights.

42.   Pacific Justice provides legal representation and education to union members to equip religious objectors to have their union dues go to a charity of their choice.

43.   To protect the rights of conscience, Pacific Justice educates and provides legal representation to employees seeking to not have a portion of their paychecks go to unions, which engage in activities that violate the employees' conscience.

44.   Pacific Justice also assists in defending governmental entities which are attacked for public acknowledgments of America's religious heritage.

45.   Pacific Justice has participated as a party or an *amicus curiae*, or as legal counsel in litigation involving significant constitutional issues in both federal and state courts, including but not limited to: ***Newdow v. Roberts***, ___ F.3d ___, 2010 WL 181506 (D.C. Cir.2010)(suit against Chief Justice John Roberts, *et al.*, to enjoin the Invocation at the Inauguration of

1   President Barak Obama; case dismissed); *Newdow v. LeFevre*, 598 F.3d 638 (9th Cir.2010)(the

2   National Motto, *In God We Trust*, upheld as constitutional); *Newdow v. Rio Linda Union*

3   *School District*,  597 F.3d 1007 (9th Cir.2010)(recital of the Pledge of Allegiance in public

4   school upheld as constitutional); *Trunk v. City of San Diego, et al.*, 568 F.Supp.2d 1199

5   (S.D.Cal. 2008)(Part II: Upholding as constitutional the Mount Soledad National Veterans War

6   Memorial, which has a Latin Cross as part of its fully integrated memorial); *In re Jonathan L,*

7   165 Cal.App.4th 1074 (2008)(county sought to force a homeschooling family to enroll their

8   children in a public or private school); *Trunk v. City of San Diego, et al.*, 547 F.Supp.2d 1144

9   (S.D.Cal. 2007) (Part I: Article III Standing Issue leading to dismissal of City of San Diego

10  regarding Mount Soledad National Veterans War Memorial); *Staley v. Harris County, Texas*

11  (5th Cir.2007) 485 F.3d 305 (case regarding the constitutionality of a Bible Monument

12  displayed at Harris County Civil Courthouse); *Metropolitan Water District v. Campus Crusade*

13  *for Christ* (2007) 41 Cal.4th 954 (California Supreme Court case regarding issue relating to the

14  deprivation of the right to a jury trial in an eminent domain case); *O'Toole v. Superior Court*

15  *(San Diego Community College District)* (2006) 140 Cal.App.4th 488 (case relating to free

16  speech and assembly issues on college campus);  *McCreary County v. ACLU of Kentucky*,

17  545 U.S. 844 (2005)("*McCreary*") and *Van Orden v. Perry*, 545 U.S. 677 (2005)("*Van*

18  *Orden*") (cases in the U.S. Supreme Court regarding the Kentucky and Texas Ten

19  Commandments cases, respectively); *Elk Grove Unified School District v. Newdow,* 542 U.S.

20  1 (2004) (the 1st Pledge of Allegiance case before the U.S. Supreme Court—dismissed for lack

21  of Article III standing; constitutional issue not reached); *Lockyer v. City and County of San*

22  *Francisco* (2004) 33 Cal.4th 1055 (Pacific Justice and California State Senators and Assembly

23  Members in a case regarding the San Francisco Marriage cases before the California Supreme

Court); ***Costco Companies, Inc. v. Gallant*** (2002) 96 Cal.App.4th 740 (freedom of speech and petition case relating to California Supreme Court decision in *Robins v. Pruneyard* (1979) 23 Cal.3rd 899).

46.   As an employer, Pacific Justice does not consent to being compelled to comply with the Act because the Act imposes increased costs on it by compelling employer health plans and employer health insurance providers to insure employees' dependent unmarried children for extended period of time (until age 26) on the ground that Congress lacks authority under Article I of the Constitution to enact such legislation, and, therefore, the defendants herein lack authority under the Constitution to enforce the Act. *See, Youngstown, supra.*

47.   As an employer, Pacific Justice does not consent to being compelled to comply with the Act, as the Act imposes increased costs on it by preventing it from denying health care insurance coverage to part-time employees on the ground that Congress lacks authority under Article I of the Constitution to enact such legislation, and, therefore, the defendants herein lack authority under the Constitution to enforce the Act. *See, Youngstown, supra.*

48.   As an employer, Pacific Justice does not consent to being compelled to comply with the Act, as the Act imposes increased costs on it by compelling employer health plans and employer health insurance providers to insure employees' dependent unmarried children for extended period of time (until age 26) on the ground that Congress has added police powers to the Enumerated Powers set forth in Article I, section 8 of the Constitution, which violates the amendment process set forth in Article V of the Constitution.

49.   As an employer, Pacific Justice does not consent to being compelled to comply with the Act, as the Act imposes increased costs on it by preventing it from denying health care insurance coverage to part-time employees on the ground that Congress has added police

powers to the Enumerated Powers set forth in Article I, section 8 of the Constitution, which

violates the amendment process set forth in Article V of the Constitution.

## THE HEALTH CARE LEGISLATION

**50.**   On Christmas Eve of 2009, the United States Senate ("Senate") passed its health

care bill, which it originated under bill number H.R. 3590 and which the Senate titled: the

*Patient Protection and Affordable Care Act. See,* Library of Congress, Bills and Resolutions,

*H.R. 3590,* http://thomas.loc.gov/cgi-bin/bdquery/z?d111:HR03590:@@@S (accessed: May 7,

2010).

**51.**   Prior to its passage of the Act, on November 19, 2009 the Senate took its own

health care bill and substituted it in place of an unrelated bill received from the United States

House of Representatives ("House"), which was numbered H.R. 3590 (Calendar No. 175). The

Senate simply took the House bill number (H.R. 3590) and substituted its health care bill in

place and instead of the unrelated bill received from the House. Page one of the Senate's bill

reads:

*AMENDMENT NO. 2786*                                             *Calendar No. 175*

*Purpose: In the nature of a **substitute**.*

### *IN THE SENATE OF THE UNITED STATES—111th Cong., 1st Sess.*
### *H. R. 3590*

*To amend the Internal Revenue Code of 1986 to modify*
*the first-time homebuyers credit in the case of members*
*of the Armed Forces and certain other Federal employ-*
*ees, and for other purposes.*

*November 19, 2009*

*Ordered to lie on the table and to be printed*

*Amendment in the nature of a **substitute** intended to be*
*proposed by Mr. REID (for himself, Mr. BAUCUS, Mr.*
*DODD, and Mr. HARKIN)*
*Viz:*
*1            Strike all after the enacting clause and insert the fol-*
*2      lowing:*

---

1
2

      3    **SECTION 1. SHORT TITLE; TABLE OF CONTENTS.**
      4           *(a) SHORT TITLE.—This Act may be cited as the*
      5    *"Patient Protection and Affordable Care Act"*.

3   *See*, Library of Congress, Bills-Resolutions, *H.R. 3590, Amendment No. 2786, Calendar No. 175*,

4   http://www.gpo.gov/fdsys/pkg/BILLS-111hr3590AS/pdf/BILLS-111hr3590AS.pdf   (accessed:

5   May 7, 2010)(emphasis in original and added).

6
7       **52.**   The effect of the Senate's substituting its health care bill by simply giving it a
8   House bill number is nothing more than a sleight of hand to circumvent Article I, section 7 of
9   the Constitution, which provides: "All bills for raising revenue shall originate in the House of
10  Representatives…" Const. art. I, sec. 7, cl. 1. Specifically, Title IX of the Act, which is entitled
11  "REVENUE PROVISIONS," contains all of the revenue raising provisions to support the
12  Senate's health care bill. As the revenue raising provisions contained in Title IX did <u>not</u>
13  "originate in the House" the Senate's method of passing the Act contravenes Article I, section
14  7, clause 1 of the Constitution.
15

16      **53.**   On March 21, 2010 the House passed the Senate health care bill (H.R. 3590). *See*,
17  Library of Congress, Bills and Resolutions, *H.R. 3590*, http://thomas.loc.gov/cgi-
18  bin/bdquery/z?d111:HR03590:@@@S (accessed: May 7, 2010).

19      **54.**   On March 23, 2010 the President of the United States ("President") signed the
20  Senate health care bill (H.R. 3590) into law as P.L. 111-148. *Id.*
21

22      **55.**   Pursuant to an agreement he made with a group of Democrat Members of the
23  House (led by Representative Bart Stupak[2]), on March 24, 2010 the President promulgated
24  Executive Order No. 13535, which, in its relevant part, reads:
25

26     [2] *See*, U.S. Representative Bart Stupak website, *News from Congressman Bart Stupak* (March 24,
27  2010), http://www.house.gov/apps/list/speech/mi01_stupak/morenews/20100324eosigning.html (accessed: May 7, 2010).
28

"**Section 1.** *Policy*…The Act maintains current Hyde Amendment restrictions governing abortion policy and extends those restrictions to the newly created health insurance exchanges…

**Sec. 2.** *Strict Compliance with Prohibitions on Abortion Funding in Health Insurance Exchanges.* The Act specifically prohibits the use of tax credits and cost-sharing reduction payments to pay for abortion services (except in cases of rape or incest, or when the life of the woman would be endangered) in the health insurance exchanges that will be operational in 2014."

*See*, Federal Register website, *Presidential Documents*, Vol. 75, No. 59 (March 29, 2010), Executive Order No. 13535, http://frwebgate.access.gpo.gov/cgi-bin/getpage.cgi (accessed: 5/7/10)(emphasis in original).

56. The purported purpose of Executive Order 13535 was to extend the Hyde Amendment[3] restrictions to the Act by prohibiting tax credits and cost-sharing reduction payments to pay for abortions under the Act. *Id.*, Sections 1 and 2. However, and as will be demonstrated below in greater detail, neither Executive Order 13535 nor the Hyde Amendment can restrict **direct appropriations** made by Congress **in the Act** to other entities created under the Act. Simply stated, the President's issuance of Executive Order 13535 is essentially designed to strike direct appropriations in the Act, which is tantamount to the Line Item Veto declared unconstitutional in *Clinton v. City of New York*, 524 U.S. 417, 436-449 (1998).

57. On March 25, 2010 the House passed H.R. 4872, the Health Care and Education Reconciliation Act of 2010 ("Reconciliation Bill"), which amended the Senate Health Care Bill (P.L. 111-148). *See*, Library of Congress, Bills and Resolutions, *H.R. 4872*, http://thomas.loc.gov/cgi-bin/bdquery/D?d111:3:./temp/~bdkVvX:@@@R|/bss/111search.html (accessed: May 7, 2010).

---

[3] *See, e.g.*, *Hyde Amendment*, P.L. 91-39, § 209, 90 Stat. 1434 (1977).

1

2

**58.**   The Reconciliation Bill (H.R. 4872) is divided into two main parts, one addressing health care reform and the other addressing student loan reform.

3

4

**59.**   On March 30, 2010 the President signed the Health Care and Education Reconciliation Act of 2010 (H.R. 4872) into law as P.L. 111-152. *Id.*

5

6

**60.**   The Act mandates that Baldwin (as well as all United States citizens and legal residents) must maintain qualifying health care insurance coverage. Upon failing to do so, the United States Government, through the Internal Revenue Service ("IRS") of the Treasury Department, will impose ever increasing monetary penalties. *See, e.g.*, sections 1501 and 10106 of the Act.

7

8

9

10

11

12

**61.**   In section 1552 of the Act, Congress instructed Secretary Sebelius to take certain action:

13

14

"SEC. 1552. TRANSPARENCY IN GOVERNMENT.

15

16

Not later than 30 days after the date of enactment of this Act, the Secretary of Health and Human Services shall publish on the Internet website of the Department of Health and Human Services, a list of all of the authorities provided to the Secretary under this Act (and the amendments made by this Act)."

17

18

**62.**   As the President approved the Act on March 23, 2010 Secretary Sebelius was required to comply with section 1552 on or before April 22, 2010.

19

20

**63.**   Secretary Sebelius did not comply with section 1552 within the thirty days.

21

22

**64.**   On April 26, 2010 plaintiffs' herein counsel of record, Peter D. Lepiscopo, wrote a letter to Secretary Sebelius, which was served on her office on April 27, 2010 and which, in its relevant part, reads:

23

24

25

26

"As you know, Public Law 111-148, section 1552 required that no later than April 22, 2010, you were to publish on the Department's Internet website all of the authorities conferred upon you by Public Law 111-148 and Public Law 111-152:

27

*'SEC. 1552. TRANSPARENCY IN GOVERNMENT.*

28

> *Not later than 30 days after the date of enactment of this Act, the Secretary of Health and Human Services shall publish on the Internet website of the Department of Health and Human Services, a list of all of the authorities provided to the Secretary under this Act (and the amendments made by this Act).'*

As of this date, it does not appear from the Department's Internet website that you have complied with Section 1552. Accordingly, at your earliest convenience please advise as to when you expect to comply with Section 1552."

65.    Plaintiffs are informed and believe, and based upon such information and belief, allege that on May 4, 2010 Secretary Sebelius attempted to comply with section 1552 by posting on the HHS website a page entitled: "Health Reform and the Department of Health and Human Services." *See*, U.S. Department of Health and Human Services website, *HealthReform.GOV*,        http://www.healthreform.gov/health_reform_and_hhs.html  (accessed: May 4, 2010). However, Secretary Sebelius has failed to comply with section 1552.

## FIRST CLAIM FOR RELIEF

### DECLARATORY AND INJUNCTIVE RELIEF RE:

### VIOLATION OF ARTICLE I, SECTION 7, CLAUSE 1 OF THE CONSTITUTION

### (Against All Defendants)

66.    Plaintiffs hereby incorporate paragraphs 1 through 65 of this Complaint as though fully set forth herein.

67.    As set forth in greater detail above in paragraph **60** of this Complaint, the Act mandates that Baldwin must maintain qualifying health care insurance coverage; otherwise, the IRS will impose an ever increasing monetary penalty upon Baldwin. *See, e.g.*, sections 1501 and 10106 of the Act. Thus, the Act compels Baldwin to perform an affirmative act or incur a penalty, simply because he exists and resides in the United States. The Act is directed to inactivity (i.e., citizens not purchasing health care insurance) that is driven by the constitutionally protected liberty of choice of all Americans. Furthermore, such inactivity by its very nature may not be deemed to be "in commerce" or to have any "substantial effect on

commerce," whether interstate or otherwise, to properly and constitutionally trigger Congress' Commerce Power under Article I, section 8 of the Constitution.

68. As set forth in greater detail above, neither Baldwin nor Pacific Justice has consented to being compelled by sections 1001, 1501, and 10106 of the Act to maintain or provide health care insurance. Moreover, Baldwin did not consent to being compelled by sections 1002, 1331, 1441, 3015, and 3504 of the Act to provide a broad range of personal and private marital, tax, financial, health, and/or medical related information; nor did he consent to this information being collected, aggregated, integrated, and disseminated by and between the federal government, state and local governments, and private entities.

69. As set forth in greater detail above in paragraphs **50** through **52**, inclusive, of this Complaint, the Act was not enacted in compliance with Article I, section 7, clause 1 of the Constitution, and, therefore, was *void ab initio*.

70. As the Act is not valid and does not have the force of law, the entire Executive Branch, including all of the herein named defendants, lacks authority under the Constitution to enforce the Act. *See, e.g., Youngstown, supra.*

**WHEREFORE**, as to this Claim for Relief, Plaintiffs pray for the following relief:

71. Pursuant to 28 U.S.C. §§ 2201(a) and 2202 an actual controversy and dispute exists between the plaintiffs and defendants regarding whether the Act is valid and legally enforceable. Accordingly, pursuant to 28 U.S.C. §§ 2201(a) and 2202 and FRCP 57, plaintiffs request the Court to enter a judgment  declaring that the Act is unconstitutional because it violates Article I, section 7, clause 1 of the Constitution.

/////

/////

72.   In light of the foregoing, no adequate remedy at law exists and in light of the constitutional violations alleged, failure to grant the injunctive relief will result in irreparable harm. *See, e.g., Elrod v. Burns*, 427 U.S. 347, 373 (1976)("*Elrod*").

73.   As the Act is unconstitutional and unenforceable, pursuant to FRCP 65(b) plaintiffs request the Court to temporarily restrain defendants, and each of them, from enforcing the Act.

74.   As the Act is unconstitutional and unenforceable, pursuant to FRCP 65(a) plaintiffs request the Court to preliminarily enjoin defendants, and each of them, from enforcing the Act.

75.   As the Act is unconstitutional and unenforceable, pursuant to 28 U.S.C. §§ 2201(a) and 2202 and FRCP 65 plaintiffs request the Court to permanently enjoin defendants, and each of them, from enforcing the Act.

76.   Expedition is essential in the treatment by the Court of this Complaint because failure of the Congress and the President to enact the Act in compliance with the Constitution clearly serves to undermine the rule of law.

77.   As the Constitutionally protected liberty interests of the plaintiffs and the American public are at risk because the Act calls into question existing legal rights, principles, and relationships, as well as the public's confidence in our constitutional form of government, an expeditious resolution of this matter by this Court is not only appropriate but required. Accordingly, plaintiffs request a speedy decision and an advance on this Court's calendar under 28 U.S.C. § 2201 and FRCP 57 and 65.

/////

/////

**78.** Plaintiffs request an award of: nominal damages; reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 or under any other applicable statutes; costs incurred in this litigation; and such further relief as the Court might deem just and appropriate.

**SECOND CLAIM FOR RELIEF**

**DECLARATORY AND INJUNCTIVE RELIEF RE:**

**VIOLATION OF ARTICLE I, SECTION 8 OF THE CONSTITUTION**

**(Against All Defendants)**

**79.** Plaintiffs hereby incorporate paragraphs 1 through **65** of this Complaint as though fully set forth herein.

**80.** As set forth in greater detail above in paragraph **60** of this Complaint, the Act mandates that Baldwin must maintain qualifying health care insurance coverage; otherwise, the IRS will impose an ever increasing monetary penalty upon Baldwin. *See, e.g.*, sections 1501 and 10106 of the Act. Thus, the Act compels Baldwin to perform an affirmative act or incur a penalty, simply because he exists and resides in the United States. The Act is directed to inactivity (i.e., citizens not purchasing health care insurance) that is driven by the constitutionally protected liberty of choice of all Americans. Furthermore, such inactivity by its very nature may not be deemed to be "in commerce" or to have any "substantial effect on commerce," whether interstate or otherwise, to properly and constitutionally trigger Congress' Commerce Power under Article I, section 8 of the Constitution.

**81.** As set forth in greater detail above, neither Baldwin nor Pacific Justice has consented to being compelled by sections 1001, 1501, and 10106 of the Act to maintain or provide health care insurance. Moreover, Baldwin did not consent to being compelled by sections 1002, 1331, 1441, 3015, and 3504 of the Act to provide a broad range of personal and private marital, tax, financial, health, and/or medical related information; nor did he consent to

this information being collected, aggregated, integrated, and disseminated by and between the federal government, state and local governments, and private entities.

**82.**   Congress exercised police powers to pass the Act, which are not enumerated in Article I of the Constitution but rather are reserved to the states by way of the Tenth Amendment to the Constitution. As no power to enact such legislation is enumerated in Article I, section 8 of the Constitution, Congress lacked constitutional power to enact such legislation, and, therefore, the Act is unconstitutional and *void ab initio*.

**83.**   As the Act is not valid and does not have the force of law, the entire Executive Branch, including all of the herein named defendants, lacks authority under the Constitution to enforce the Act. *See, e.g., Youngstown, supra.*

**WHEREFORE,** as to this Claim for Relief, Plaintiffs pray for the following relief:

**84.**   Pursuant to 28 U.S.C. §§ 2201(a) and 2202 an actual controversy and dispute exists between the plaintiffs and defendants regarding whether the Act is valid and legally enforceable. Accordingly, pursuant to 28 U.S.C. §§ 2201(a) and 2202 and FRCP 57, plaintiffs request the Court to enter a judgment  declaring that the Act is unconstitutional because it violates Article I, section 8 of the Constitution.

**85.**   In light of the foregoing, no adequate remedy at law exists and in light of the constitutional violations alleged, failure to grant the injunctive relief will result in irreparable harm. *See, e.g., Elrod, supra.*

**86.**   As the Act is unconstitutional and unenforceable, pursuant to FRCP 65(b) plaintiffs request the Court to temporarily restrain defendants, and each of them, from enforcing the Act.

87.   As the Act is unconstitutional and unenforceable, pursuant to FRCP 65(a) plaintiffs request the Court to preliminarily enjoin defendants, and each of them, from enforcing the Act.

88.   As the Act is unconstitutional and unenforceable, pursuant to 28 U.S.C. §§ 2201(a) and 2202 and FRCP 65 plaintiffs request the Court to permanently enjoin defendants, and each of them, from enforcing the Act.

89.   Expedition is essential in the treatment by the Court of this Complaint because failure of the Congress and the President to enact the Act in compliance with the Constitution clearly serves to undermine the rule of law.

90.   As the Constitutionally protected liberty interests of the plaintiffs and the American public are at risk because the Act calls into question existing legal rights, principles, and relationships, as well as the public's confidence in our constitutional form of government, an expeditious resolution of this matter by this Court is not only appropriate but required. Accordingly, plaintiffs request a speedy decision and an advance on this Court's calendar under 28 U.S.C. § 2201 and FRCP 57 and 65.

91.   Plaintiffs request an award of: nominal damages; reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 or under any other applicable statutes; costs incurred in this litigation; and such further relief as the Court might deem just and appropriate.

### THIRD CLAIM FOR RELIEF

#### DECLARATORY AND INJUNCTIVE RELIEF RE:

#### VIOLATION OF ARTICLE V OF THE CONSTITUTION

#### (Against All Defendants)

92.   Plaintiffs hereby incorporate paragraphs 1 through **65** of this Complaint as though fully set forth herein.

**93.**   As set forth in greater detail above in paragraph **60** of this Complaint, the Act mandates that Baldwin must maintain qualifying health care insurance coverage; otherwise, the IRS will impose an ever increasing monetary penalty upon Baldwin. *See, e.g.*, sections 1501 and 10106 of the Act. Thus, the Act compels Baldwin to perform an affirmative act or incur a penalty, simply because he exists and resides in the United States. The Act is directed to inactivity (i.e., citizens not purchasing health care insurance) that is driven by the constitutionally protected liberty of choice of all Americans. Furthermore, such inactivity by its very nature may not be deemed to be "in commerce" or to have any "substantial effect on commerce," whether interstate or otherwise, to properly and constitutionally trigger Congress' Commerce Power under Article I, section 8 of the Constitution.

**94.**   As set forth in greater detail above, neither Baldwin nor Pacific Justice has consented to being compelled by sections 1001, 1501, and 10106 of the Act to maintain or provide health care insurance. Moreover, Baldwin did not consent to being compelled by sections 1002, 1331, 1441, 3015, and 3504 of the Act to provide a broad range of personal and private marital, tax, financial, health, and/or medical related information; nor did he consent to this information being collected, aggregated, integrated, and disseminated by and between the federal government, state and local governments, and private entities.

**95.**   Congress exercised police powers to pass the Act, which are not enumerated in Article I of the Constitution but rather are reserved to the states by way of the Tenth Amendment to the Constitution. As no power to enact such legislation is enumerated in Article I, section 8 of the Constitution, Congress lacked constitutional power to enact such legislation. Consequently, by passing the Act Congress effectively expanded the Enumerated Powers set forth in Article I, section 8 of the Constitution. Such altering of Article I, section 8 of the

Constitution to expand the Enumerated Powers constitutes an amendment to the Constitution made in direct contravention of the proper amendment procedure set forth in Article V of the Constitution. Accordingly, the Act is unconstitutional and *void ab initio*.

96.   As the Act is not valid and does not have the force of law, the entire Executive Branch, including all of the herein named defendants, lacks authority under the Constitution to enforce the Act. *See, e.g., Youngstown, supra*.

**WHEREFORE**, as to this Claim for Relief, Plaintiffs pray for the following relief:

97.   Pursuant to 28 U.S.C. §§ 2201(a) and 2202 an actual controversy and dispute exists between the plaintiffs and defendants regarding whether the Act is valid and legally enforceable. Accordingly, pursuant to 28 U.S.C. §§ 2201(a) and 2202 and FRCP 57, plaintiffs request the Court to enter a judgment declaring that the Act is unconstitutional because it violates Article V of the Constitution.

98.   In light of the foregoing, no adequate remedy at law exists and in light of the constitutional violations alleged, failure to grant the injunctive relief will result in irreparable harm. *See, e.g., Elrod, supra*.

99.   As the Act is unconstitutional and unenforceable, pursuant to FRCP 65(b) plaintiffs request the Court to temporarily restrain defendants, and each of them, from enforcing the Act.

100.  As the Act is unconstitutional and unenforceable, pursuant to FRCP 65(a) plaintiffs request the Court to preliminarily enjoin defendants, and each of them, from enforcing the Act.

/////

/////

**101.** As the Act is unconstitutional and unenforceable, pursuant to 28 U.S.C. §§ 2201(a) and 2202 and FRCP 65 plaintiffs request the Court to permanently enjoin defendants, and each of them, from enforcing the Act.

**102.** Expedition is essential in the treatment by the Court of this Complaint because failure of the Congress and the President to enact the Act in compliance with the Constitution clearly serves to undermine the rule of law.

**103.** As the Constitutionally protected liberty interests of the plaintiffs and the American public are at risk because the Act calls into question existing legal rights, principles, and relationships, as well as the public's confidence in our constitutional form of government, an expeditious resolution of this matter by this Court is not only appropriate but required. Accordingly, plaintiffs request a speedy decision and an advance on this Court's calendar under 28 U.S.C. § 2201 and FRCP 57 and 65.

**104.** Plaintiffs request an award of: nominal damages; reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 or under any other applicable statutes; costs incurred in this litigation; and such further relief as the Court might deem just and appropriate.

**FOURTH CLAIM FOR RELIEF**
**DECLARATORY AND INJUNCTIVE RELIEF RE:**
**VIOLATION OF ARTICLE I, SECTIONS 2 AND 9 OF THE CONSTITUTION**
**(Plaintiff BALDWIN Only Against All Defendants)**

**105.** Plaintiff hereby incorporates paragraphs 1 through **65** of this Complaint as though fully set forth herein.

**106.** As set forth in greater detail above in paragraph **60** of this Complaint, the Act mandates that Baldwin must maintain qualifying health care insurance coverage; otherwise, the IRS will impose an ever increasing monetary penalty upon Baldwin. *See, e.g.*, sections 1501

and 10106 of the Act. Thus, the Act compels Baldwin to perform an affirmative act or incur a penalty, simply because he exists and resides in the United States. The Act is directed to inactivity (i.e., citizens who do not purchase health care insurance) that is driven by the constitutionally protected liberty of choice of all Americans. Furthermore, such inactivity by its very nature may not be deemed to be "in commerce" or to have any "substantial effect on commerce," whether interstate or otherwise, to properly and constitutionally trigger Congress' Commerce Power under Article I, section 8 of the Constitution.

**107.** As set forth in greater detail above, Baldwin has not consented to being compelled by sections 1001, 1501, and 10106 of the Act to maintain health care insurance.

**108.** The Act mandates that Baldwin (as well as all United States citizens and legal residents) must maintain qualifying health care insurance coverage. Upon failing to do, the United States Government, through the Internal Revenue Service ("IRS") of the Treasury Department, will impose ever increasing monetary penalties. *See, e.g.*, sections 1501 and 10106 of the Act.

**109.** The penalties imposed by sections 1501 and 10106 of the Act constitute a capitation and direct tax that is not apportioned among the states according to census data.

**110.** Furthermore, penalties imposed by sections 1501 and 10106 of the Act apply without regard to property, profession, or any other circumstances, and are unrelated to any taxable event or activity. The penalties are to be levied upon persons for their failure or refusal to do anything other than exist and reside in the United States.

**111.** The penalties imposed by sections 1501 and 10106 of the Act are not duties, imposts, or excise taxes as there is nothing tangible upon which to lay these taxes—these penalties are direct taxes upon individual citizens without regard to income or worth.

**112.** As the foregoing demonstrates, the penalties imposed by sections 1501 and 10106 of the Act are capitation and direct taxes that are not apportioned among the states according to census data. Accordingly, sections 1501 and 10106 of the Act are unconstitutional as they violate Article I, sections 2 and 9 of the Constitution.

**113.** As the Act and sections 1501 and 10106 of the Act are not valid and does not have the force of law, the entire Executive Branch, including all of the herein named defendants, lacks authority under the Constitution to enforce the Act. *See, e.g., Youngstown, supra.*

**WHEREFORE,** as to this Claim for Relief, Plaintiff prays for the following relief:

**114.** Pursuant to 28 U.S.C. §§ 2201(a) and 2202 an actual controversy and dispute exists between the plaintiff and defendants regarding whether the Act is valid and legally enforceable. Accordingly, pursuant to 28 U.S.C. §§ 2201(a) and 2202 and FRCP 57, plaintiff requests the Court to enter a judgment declaring that the Act and/or sections 1501 and 10106 of the Act are unconstitutional because they violates Article I, sections 2 and 9 of the Constitution.

**115.** In light of the foregoing, no adequate remedy at law exists and in light of the constitutional violations alleged, failure to grant the injunctive relief will result in irreparable harm. *See, e.g., Elrod, supra.*

**116.** As the Act and/or sections 1501 and 10106 of the Act are unconstitutional and unenforceable, pursuant to FRCP 65(b) plaintiff requests the Court to temporarily restrain defendants, and each of them, from enforcing the Act and/or sections 1501 and 10106 of the Act.

**117.** As the Act and/or sections 1501 and 10106 of the Act are unconstitutional and unenforceable, pursuant to FRCP 65(a) plaintiff requests the Court to preliminarily enjoin

defendants, and each of them, from enforcing the Act and/or sections 1501 and 10106 of the Act.

**118.** As the Act and/or sections 1501 and 10106 of the Act are unconstitutional and unenforceable, pursuant to 28 U.S.C. §§ 2201(a) and 2202 and FRCP 65 plaintiff requests the Court to permanently enjoin defendants, and each of them, from enforcing the Act and/or sections 1501 and 10106 of the Act.

**119.** Expedition is essential in the treatment by the Court of this Complaint because failure of the Congress and the President to enact the Act in compliance with the Constitution clearly serves to undermine the rule of law.

**120.** As the Constitutionally protected liberty interests of the plaintiff and the American public are at risk because the Act calls into question existing legal rights, principles, and relationships, as well as the public's confidence in our constitutional form of government, an expeditious resolution of this matter by this Court is not only appropriate but required. Accordingly, plaintiff requests a speedy decision and an advance on this Court's calendar under 28 U.S.C. § 2201 and FRCP 57 and 65.

**121.** Plaintiff requests an award of: nominal damages; reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 or under any other applicable statutes; costs incurred in this litigation; and such further relief as the Court might deem just and appropriate.

## FIFTH CLAIM FOR RELIEF
### DECLARATORY AND INJUNCTIVE RELIEF RE:
### VIOLATION OF SECTION 1552 OF THE ACT
### (Against All Defendants)

**122.** Plaintiffs hereby incorporate paragraphs 1 through **65** of this Complaint as though fully set forth herein.

**123.** As set forth in greater detail above in paragraphs **60** through **65**, inclusive, of this Complaint, Secretary Sebelius has failed to comply with section 1552 of the Act.

**WHEREFORE**, as to this Claim for Relief, Plaintiffs pray for the following relief:

**124.** Pursuant to 28 U.S.C. §§ 2201(a) and 2202 an actual controversy and dispute exists between the plaintiffs and defendants regarding whether Secretary Sebelius has fully and completely complied with section 1552 of the Act. Accordingly, pursuant to 28 U.S.C. §§ 2201(a) and 2202 and FRCP 57, plaintiffs request the Court to enter a judgment declaring the respective rights and duties of the parties and declaring that Secretary Sebelius has failed to fully and completely comply with section 1552 of the Act.

**125.** In light of the foregoing, no adequate remedy at law exists and in light of the statutory violations alleged, failure to grant the injunctive relief will result in irreparable harm. *See, e.g., Elrod, supra.*

**126.** As Secretary Sebelius has failed to comply with section 1552 of the Act, pursuant to FRCP 65(b) plaintiffs request the Court to temporarily restrain defendants, and each of them, from enforcing the Act until such time as Secretary Sebelius has fully and completely complied with section 1552.

**127.** As Secretary Sebelius has failed to comply with section 1552 of the Act, pursuant to FRCP 65(a) plaintiffs request the Court to preliminarily enjoin defendants, and each of them, from enforcing the Act until such time as Secretary Sebelius has fully and completely complied with section 1552.

**128.** If Secretary Sebelius fails to comply with section 1552 by a date established by this Court, then pursuant to 28 U.S.C. §§ 2201(a) and 2202 and FRCP 65 plaintiffs request the Court to permanently enjoin defendants, and each of them, from enforcing the Act.

**129.** Expedition is essential in the treatment by the Court of this Complaint because failure of the Congress and the President to enact the Act in compliance with the Constitution clearly serves to undermine the rule of law.

**130.** As the Constitutionally protected liberty interests of the plaintiffs and the American public are at risk because the Act calls into question existing legal rights, principles, and relationships, as well as the public's confidence in our constitutional form of government, an expeditious resolution of this matter by this Court is not only appropriate but required. Accordingly, plaintiffs request a speedy decision and an advance on this Court's calendar under 28 U.S.C. § 2201 and FRCP 57 and 65.

**131.** Plaintiffs request an award of: nominal damages; reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 or under any other applicable statutes; costs incurred in this litigation; and such further relief as the Court might deem just and appropriate.

## SIXTH CLAIM FOR RELIEF

### DECLARATORY AND INJUNCTIVE RELIEF RE:

### VIOLATION OF RIGHT TO PRIVACY—AMENDMENTS I, IV, V, AND IX TO THE CONSTITUTION

### (Plaintiff BALDWIN only Against All Defendants)

**132.** Plaintiff hereby incorporates paragraphs 1 through 65 of this Complaint as though fully set forth herein.

**133.** As set forth in greater detail above in paragraph **60** of this Complaint, the Act mandates that Baldwin must maintain qualifying health care insurance coverage; otherwise, the IRS will impose an ever increasing monetary penalty upon Baldwin. *See, e.g.*, sections 1501 and 10106 of the Act. Thus, the Act compels Baldwin to perform an affirmative act or incur a penalty, simply because he exists and resides in the United States. The Act is directed to inactivity (i.e., citizens who do not purchase health care insurance) that is driven by the

constitutionally protected liberty of choice of all Americans. Furthermore, such inactivity by its very nature may not be deemed to be "in commerce" or to have any "substantial effect on commerce," whether interstate or otherwise, to properly and constitutionally trigger Congress' Commerce Power under Article I, section 8 of the Constitution.

**134.** As set forth in greater detail above, Baldwin has not consented to being compelled by sections 1001, 1501, and 10106 of the Act to maintain or provide health care insurance. Moreover, Baldwin did not consent to being compelled by sections 1002, 1331, 1441, 3015, and 3504 of the Act to provide a broad range of personal and private marital, tax, financial, health, and/or medical related information; nor did he consent to this information being collected, aggregated, integrated, and disseminated by and between the federal government, state and local governments, and private entities.

**135.** The aforementioned provisions of the Act violate Baldwin's privacy right over his person and his right to define oneself and one's own concept of existence in a manner and to such extent as to retain the sole authority as to whether he decides to request or deny medical care or whether he decides to maintain or not maintain health insurance, or whether or not he decides to disclose his personal and private marital, tax, financial, health, and/or medical related information to and for use by the federal government, state and local governments, and/or private entities. Beliefs and decisions about these matters could not define the attributes of personhood were they formed under compulsion of the federal government.

**136.** In essence, Baldwin's personal autonomy, bodily integrity, and right to privacy includes the individual right to be free from unwanted and unwarranted governmental intrusion into matters so fundamentally affecting a person such as the decision whether and to what extent to subject one's own body to medical treatment or being compelled by government to

maintain health insurance. Accordingly, the Act and/or its provisions to the contrary violate Baldwin's right to privacy secured by the First, Fourth, Fifth, and Ninth Amendments to the Constitution, and are, therefore, unconstitutional.

**137.** As the Act and/or the aforementioned sections of the Act are not valid and do not have the force of law, the entire Executive Branch, including all of the herein named defendants, lacks authority under the Constitution to enforce the Act and/or said sections. *See, e.g., Youngstown, supra.*

**WHEREFORE**, as to this Claim for Relief, Plaintiff prays for the following relief:

**138.** Pursuant to 28 U.S.C. §§ 2201(a) and 2202 an actual controversy and dispute exists between the plaintiff and defendants regarding whether the Act and/or the aforementioned sections of the Act are valid and legally enforceable. Accordingly, pursuant to 28 U.S.C. §§ 2201(a) and 2202 and FRCP 57, plaintiff requests the Court to enter a judgment declaring the Act, or sections1001, 1002, 1501, 1331, 1441, 3015, 3504 and/or 10106 of the Act, as unconstitutional because they violate Baldwin's right to privacy secured by the First, Fourth, Fifth, and Ninth Amendments to the Constitution.

**139.** In light of the foregoing, no adequate remedy at law exists and in light of the constitutional violations alleged, failure to grant the injunctive relief will result in irreparable harm. *See, e.g., Elrod, supra.*

**140.** As the Act and/or the aforementioned sections of the Act are unconstitutional and unenforceable, pursuant to FRCP 65(b) plaintiff requests the Court to temporarily restrain defendants, and each of them, from enforcing the Act, or sections1001, 1002, 1501, 1331, 1441, 3015, 3504 and/or 10106 of the Act because they violate Baldwin's right to privacy secured by the First, Fourth, Fifth, and Ninth Amendments to the Constitution.

**141.** As the Act and/or the aforementioned sections of the Act are unconstitutional and unenforceable, pursuant to FRCP 65(a) plaintiff requests the Court to preliminarily enjoin defendants, and each of them, from enforcing the Act, or sections 1001, 1002, 1501, 1331, 1441, 3015, 3504 and/or 10106 of the Act because they violate Baldwin's right to privacy secured by the First, Fourth, Fifth, and Ninth Amendments to the Constitution.

**142.** As the Act and/or the aforementioned sections of the Act are unconstitutional and unenforceable, pursuant to 28 U.S.C. §§ 2201(a) and 2202 and FRCP 65 plaintiff requests the Court to permanently enjoin defendants, and each of them, from enforcing the Act, or sections 1001, 1002, 1501, 1331, 1441, 3015, 3504 and/or 10106 of the Act because they violate Baldwin's right to privacy secured by the First, Fourth, Fifth, and Ninth Amendments to the Constitution.

**143.** Expedition is essential in the treatment by the Court of this Complaint because failure of the Congress and the President to enact the Act in compliance with the Constitution clearly serves to undermine the rule of law.

**144.** As the Constitutionally protected liberty interests of the plaintiff and the American public are at risk because the Act calls into question existing legal rights, principles, and relationships, as well as the public's confidence in our constitutional form of government, an expeditious resolution of this matter by this Court is not only appropriate but required. Accordingly, plaintiff requests a speedy decision and an advance on this Court's calendar under 28 U.S.C. § 2201 and FRCP 57 and 65.

**145.** Plaintiff requests an award of: nominal damages; reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 or under any other applicable statutes; costs incurred in this litigation; and such further relief as the Court might deem just and appropriate.

## SEVENTH CLAIM FOR RELIEF

**DECLARATORY AND INJUNCTIVE RELIEF RE:**

**VIOLATION OF PHYSICIAN—PATIENT PRIVILEGE—AMENDMENT V TO THE CONSTITUTION, FEDERAL RULES OF EVIDENCE, RULE 501, AND CALIFORNIA RULES OF EVIDENCE CODE § 992**

**(Plaintiff BALDWIN only Against All Defendants)**

**146.** Plaintiff hereby incorporates paragraphs 1 through **65** of this Complaint as though fully set forth herein.

**147.** As set forth in greater detail above, Baldwin has not consented to being compelled by sections 1002, 1331, 3015, and 3504 of the Act to provide a broad range of personal and private health and medical related information; nor did he consent to this information being collected, aggregated, integrated, and disseminated by and between the federal government, state and local governments, and private entities.

**148.** The aforementioned provisions of the Act violate Baldwin's physician—patient privilege without due process of law in violation of the Fifth Amendment to the Constitution, Rule 501 of the Federal Rules of Evidence, and California Evidence Code section 992.

**149.** As the aforementioned violation of Baldwin's physician—patient privilege constitutes a government imposed waiver of said privilege without due process of law, sections 1002, 1331, 3015, and 3504 of the Act violate Rule 501 of the Federal Rules of Evidence, and California Evidence Code section 992, and the Fifth Amendment to the Constitution, and are, therefore, unconstitutional.

**150.** As the Act and/or the aforementioned sections of the Act are not valid and do not have the force of law, the entire Executive Branch, including all of the herein named defendants, lacks authority under the Constitution to enforce the Act and/or said sections. *See, e.g., Youngstown, supra.*

**WHEREFORE**, as to this Claim for Relief, Plaintiff prays for the following relief:

**151.** Pursuant to 28 U.S.C. §§ 2201(a) and 2202 an actual controversy and dispute exists between the plaintiff and defendants regarding whether the Act and/or the aforementioned sections of the Act are valid and legally enforceable. Accordingly, pursuant to 28 U.S.C. §§ 2201(a) and 2202 and FRCP 57, plaintiff requests the Court to enter a judgment declaring the Act, or sections 1002, 1331, 3015, and/or 3504 of the Act, as unconstitutional because they violate Baldwin's physician—patient privilege without due process of law in violation of the Fifth Amendment to the Constitution, Rule 501 of the Federal Rules of Evidence, and California Evidence Code section 992.

**152.** In light of the foregoing, no adequate remedy at law exists and in light of the constitutional violations alleged, failure to grant the injunctive relief will result in irreparable harm. *See, e.g., Elrod, supra.*

**153.** As the Act and/or the aforementioned sections of the Act are unconstitutional and unenforceable, pursuant to FRCP 65(b) plaintiff requests the Court to temporarily restrain defendants, and each of them, from enforcing the Act, or sections 1002, 1331, 3015, and/or 3504 of the Act because they violate Baldwin's physician—patient privilege without due process of law in violation of the Fifth Amendment to the Constitution, Rule 501 of the Federal Rules of Evidence, and California Evidence Code section 992.

**154.** As the Act and/or the aforementioned sections of the Act are unconstitutional and unenforceable, pursuant to FRCP 65(a) plaintiff requests the Court to preliminarily enjoin defendants, and each of them, from enforcing the Act, or sections 1002, 1331, 3015, and/or 3504 of the Act because they violate Baldwin's physician—patient privilege without due

process of law in violation of the Fifth Amendment to the Constitution, Rule 501 of the Federal Rules of Evidence, and California Evidence Code section 992.

**155.** As the Act and/or the aforementioned sections of the Act are unconstitutional and unenforceable, pursuant to 28 U.S.C. §§ 2201(a) and 2202 and FRCP 65 plaintiff requests the Court to permanently enjoin defendants, and each of them, from enforcing the Act, or sections 1002, 1331, 3015, and/or 3504 of the Act because they violate Baldwin's physician—patient privilege without due process of law in violation of the Fifth Amendment to the Constitution, Rule 501 of the Federal Rules of Evidence, and California Evidence Code section 992.

**156.** Expedition is essential in the treatment by the Court of this Complaint because failure of the Congress and the President to enact the Act in compliance with the Constitution clearly serves to undermine the rule of law.

**157.** As the Constitutionally protected liberty interests of the plaintiff and the American public are at risk because the Act calls into question existing legal rights, principles, and relationships, as well as the public's confidence in our constitutional form of government, an expeditious resolution of this matter by this Court is not only appropriate but required. Accordingly, plaintiff requests a speedy decision and an advance on this Court's calendar under 28 U.S.C. § 2201 and FRCP 57 and 65.

**158.** Plaintiff requests an award of: nominal damages; reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 or under any other applicable statutes; costs incurred in this litigation; and such further relief as the Court might deem just and appropriate.

/////

/////

/////

## EIGHTH CLAIM FOR RELIEF

### DECLARATORY AND INJUNCTIVE RELIEF RE:

### VIOLATION OF EQUAL PROTECTION UNDER AMENDMENT V TO THE CONSTITUTION

### (Plaintiff BALDWIN only Against All Defendants)

**159.** Plaintiff hereby incorporates paragraphs 1 through **65** of this Complaint as though fully set forth herein.

**160.** As set forth in greater detail above in paragraph **16**, Baldwin experiences health issues relating to his prostate, and, therefore, desires for there to be increased research in men's health including in the areas of prostate health and prostate cancer.

**161.** Section 3509(a) of the Act establishes a Health and Human Services Office of Women's Health, which is specifically created to coordinate government and private sectors' efforts to promote women's health and which has an unlimited monetary appropriation. The Act does not establish a similar office for Men's health.

**162.** Section 3509(b) of the Act establishes a Centers for Disease Control and Prevention Office of Women's Health, which is specifically created to coordinate government and private sectors' efforts to promote women's health and which has an unlimited monetary appropriation. The Act does not establish a similar office or unlimited monetary appropriation to promote Men's health.

**163.** Section 3509(e) of the Act establishes in HHS an Office of Women's Health and Gendered-Based Research, which is specifically created to coordinate government and private sectors' efforts to promote women's health and which has an unlimited monetary appropriation. The Act does not establish a similar office or unlimited monetary appropriation to promote Men's health.

**164.** Section 3509(f) of the Act establishes in HHS' Health Resources and Services Administration an Office of Women's Health, which is specifically created to coordinate government and private sectors' efforts to promote women's health and which has an unlimited monetary appropriation. The Act does not establish a similar office or unlimited monetary appropriation to promote Men's health.

**165.** Section 3509(g) of the Act establishes a Food and Drug Administration Office of Women's Health, which is specifically created to coordinate government and private sectors' efforts to promote women's health and which has an unlimited monetary appropriation. The Act does not establish a similar office or unlimited monetary appropriation to promote Men's health.

**166.** The aforementioned provisions of the Act constitute gender discrimination against Baldwin and men similarly situated and constitute violations of the equal protection principles embodied within the Fifth Amendment to the Constitution.

**167.** As the aforementioned provisions of the Act constitute gender discrimination against Baldwin and men similarly situated and constitute violations of the equal protection principles embodied within the Fifth Amendment to the Constitution, they are, therefore, unconstitutional.

**168.** As the Act and/or the aforementioned sections of the Act are not valid and do not have the force of law, the entire Executive Branch, including all of the herein named defendants, lacks authority under the Constitution to enforce the Act and/or said sections. *See, e.g., Youngstown, supra.*

**WHEREFORE,** as to this Claim for Relief, Plaintiff prays for the following relief:

**169.** Pursuant to 28 U.S.C. §§ 2201(a) and 2202 an actual controversy and dispute exists between the plaintiff and defendants regarding whether the Act and/or the aforementioned sections of the Act are valid and legally enforceable. Accordingly, pursuant to 28 U.S.C. §§ 2201(a) and 2202 and FRCP 57, plaintiff requests the Court to enter a judgment declaring sections 3509(a), 3509(b), 3509(e), 3509(f), and/or 3509(g) of the Act as unconstitutional because they constitute violations of the equal protection principles embodied within the Fifth Amendment to the Constitution.

**170.** In light of the foregoing, no adequate remedy at law exists and in light of the constitutional violations alleged, failure to grant the injunctive relief will result in irreparable harm. *See, e.g., Elrod, supra.*

**171.** As the Act and/or the aforementioned sections of the Act are unconstitutional and unenforceable, pursuant to FRCP 65(b) plaintiff requests the Court to temporarily restrain defendants, and each of them, from enforcing sections 3509(a), 3509(b), 3509(e), 3509(f), and/or 3509(g) of the Act because they constitute violations of the equal protection principles embodied within the Fifth Amendment to the Constitution.

**172.** As the Act and/or the aforementioned sections of the Act are unconstitutional and unenforceable, pursuant to FRCP 65(a) plaintiff requests the Court to preliminarily enjoin defendants, and each of them, from enforcing sections 3509(a), 3509(b), 3509(e), 3509(f), and/or 3509(g) of the Act because they constitute violations of the equal protection principles embodied within the Fifth Amendment to the Constitution.

**173.** As the Act and/or the aforementioned sections of the Act are unconstitutional and unenforceable, pursuant to 28 U.S.C. §§ 2201(a) and 2202 and FRCP 65 plaintiff requests the Court to permanently enjoin defendants, and each of them, from enforcing sections 3509(a),

3509(b), 3509(e), 3509(f), and/or 3509(g) of the Act because they constitute violations of the equal protection principles embodied within the Fifth Amendment to the Constitution.

**174.** Expedition is essential in the treatment by the Court of this Complaint because failure of the Congress and the President to enact the Act in compliance with the Constitution clearly serves to undermine the rule of law.

**175.** As the Constitutionally protected liberty interests of the plaintiff and the American public are at risk because the Act calls into question existing legal rights, principles, and relationships, as well as the public's confidence in our constitutional form of government, an expeditious resolution of this matter by this Court is not only appropriate but required. Accordingly, plaintiff requests a speedy decision and an advance on this Court's calendar under 28 U.S.C. § 2201 and FRCP 57 and 65.

**176.** Plaintiff requests an award of: nominal damages; reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 or under any other applicable statutes; costs incurred in this litigation; and such further relief as the Court might deem just and appropriate.

<u>**NINTH CLAIM FOR RELIEF**</u>

**DECLARATORY AND INJUNCTIVE RELIEF RE:**

**PUBLIC FUNDING OF ABORTION—DIRECT APPROPRIATION TO COMMUNITY HEALTH CENTERS**

**(Against All Defendants)**

**177.** Plaintiffs hereby incorporate paragraphs 1 through 65 of this Complaint as though fully set forth herein.

**178.** Prior to the House's passage of the Senate Health Care Bill (H.R. 3590) doubts were raised by a group of Democrat Members of the House (led by Representative Bart Stupak) as to whether the Senate's legislation permitted public funding of abortion.

**179.** In order to secure the group's vote in favor of the Senate Health Care Bill (H.R. 3590) the President agreed that after passage he would issue an executive order regarding public funding of abortion. In keeping his promise, on March 24, 2010 the President promulgated Executive Order No. 13535, which, in its relevant part, reads:

> "**Section 1.** *Policy*…The Act maintains current Hyde Amendment restrictions governing abortion policy and extends those restrictions to the newly created health insurance exchanges…
>
> **Sec. 2.** *Strict Compliance with Prohibitions on Abortion Funding in Health Insurance Exchanges.* The Act specifically prohibits the use of tax credits and cost-sharing reduction payments to pay for abortion services (except in cases of rape or incest, or when the life of the woman would be endangered) in the health insurance exchanges that will be operational in 2014."

*See*, Federal Register website, *Presidential Documents*, Vol. 75, No. 59 (March 29, 2010), Executive Order No.   13535, http://frwebgate.access.gpo.gov/cgi-bin/getpage.cgi (accessed: 5/7/10)(emphasis in original).

**180.** The purported purpose of Executive Order 13535 was to extend the Hyde Amendment[4] restrictions to the Act by prohibiting tax credits and cost-sharing reduction payments to pay for abortions under the Act. *Id.*, Sections 1 and 2.

**181.** However, it does not appear that Executive Order 13535 will prevent publicly funded abortions. Specifically, sections 1303 and 1401 of the Act and Executive Order 13535 do not prohibit **direct** appropriations to Community Health Center from being used for abortions. Rather, sections 1301 and 1401 and Executive Order 13535 prohibit only: (a) funds from HHS being employed by qualified health plans and state exchanges to fund abortions;

---

[4]  *See, e.g., Hyde Amendment*, P.L. 91-39, § 209, 90 Stat. 1434 (1977).

(b) tax credits to fund abortion; (c) grants to fund abortions; and (d) cost-sharing and cost-reduction to fund abortion.

**182.** There are, however, direct appropriations in the Act that are not covered by sections 1303 and 1401 of the Act and Executive Order 13535. Specifically, section 10503 of P.L. 111-148 and section 2303 of P.L. 111-152 make the following **direct** appropriations to the Community Health Centers: 2011: $1 billion; 2012: 1.2 billion; 2013: $1.5 billion; 2014: $2.2 billion; and 2015: $3.6 billion. Neither sections 1301 or 1401 of the Act, nor Executive Order 13535 prohibit these appropriations to the Community Health Centers from being utilized for abortions.

**183.** Furthermore, neither Executive Order 13535 nor the Hyde Amendment can restrict **direct appropriations** made by Congress **in the Act** to other entities created under the Act. Simply stated, the President's issuance of Executive Order 13535 is essentially designed to strike direct appropriations in the Act, which is tantamount to the Line Item Veto declared unconstitutional in *Clinton v. City of New York*, 524 U.S. 417, 436-449 (1998). Similarly, the President may not, by executive order, amend or otherwise contradict Congress' mandates (in this case **direct** appropriations) in the form of statutory law. *See, e.g., Minnesota v. Mille Lacs Band Chippewa Indians*, 526 U.S. 172, 188-189 (1999); *The Confiscation Cases*, 87 U.S. 92, 112-113 (1873)(essentially holding that no power is vested in the President to repeal provisions of a Congressional act).

**184.** As set forth in greater detail above in paragraphs **17** through **18** of this Complaint, Baldwin is a Christian and is pro-life. As such, he supports protection of the sanctity and dignity of human life at all stages, and, therefore, is opposed to abortion at any stage of pregnancy. He is offended and troubled by and does not support the use of public funds for

1    abortion. In this regard, Baldwin objects to the Act's direct appropriation of public funds to

2    support and conduct abortions.

3        **185.** Pacific Justice is pro-life and does not support the use of public funds for

4    abortion. In this regard, Pacific Justice objects to the Act's use of public funds to support

5    abortion.

6

7        **186.** As set forth in greater detail above in paragraphs **26** through **45**, inclusive, of this

8    Complaint, Pacific Justice regularly asserts the rights of its contributing members and members

9    of the public in the courts, including those relating to their constitutional rights.

10       **187.** As set forth in greater detail above in paragraphs **26** through **45**, inclusive, of this

11   Complaint, Pacific Justice regularly asserts the rights of its contributing members and members

12   of the public in the courts, including those relating to their constitutional rights.

13

14       **WHEREFORE,** as to this Claim for Relief, Plaintiffs pray for the following relief:

15       **188.** Pursuant to 28 U.S.C. §§ 2201(a) and 2202 an actual controversy and dispute

16   exists between the plaintiffs and defendants regarding whether the direct appropriations made

17   by section 10503 of P.L. 111-148 and 'section 2303 of P.L. 111-152 of the Act to the

18   Community Health Centers are prohibited from being used for public funding of abortion.

19   Accordingly, pursuant to 28 U.S.C. §§ 2201(a) and 2202 and FRCP 57, plaintiffs request the

20   Court to enter a judgment declaring that the direct appropriations made to the Community

21   Health Centers in section 10503 of P.L. 111-148 and section 2303 of P.L. 111-152 are

22   prohibited from being used directly or indirectly to fund abortion or abortion related health

23   care.

24

25       **189.** In light of the foregoing, no adequate remedy at law exists, failure to grant the

26   injunctive relief will result in irreparable harm. *See, e.g., Elrod, supra.*

27

28

---

**190.** Pursuant to FRCP 65(b) plaintiffs request the Court to temporarily restrain defendants, and each of them, from utilizing any of the funds appropriated by section 10503 of P.L. 111-148 and section 2303 of P.L. 111-152 to be utilized to fund abortion or abortion related health care.

**191.** Pursuant to FRCP 65(a) plaintiffs request the Court to preliminarily enjoin defendants, and each of them, from utilizing any of the funds appropriated by section 10503 of P.L. 111-148 and section 2303 of P.L. 111-152 to be utilized to fund abortion or abortion related health care.

**192.** Pursuant to 28 U.S.C. §§ 2201(a) and 2202 and FRCP 65 plaintiffs request the Court to permanently enjoin defendants, and each of them, from utilizing any of the funds appropriated by section 10503 of P.L. 111-148 and section 2303 of P.L. 111-152 to be utilized to fund abortion or abortion related health care.

**193.** Expedition is essential in the treatment by the Court of this Complaint because failure of the Congress and the President to enact the Act in compliance with the Constitution clearly serves to undermine the rule of law.

**194.** As the Constitutionally protected liberty interests of the plaintiffs and the American public are at risk because the Act calls into question existing legal rights, principles, and relationships, as well as the public's confidence in our constitutional form of government, an expeditious resolution of this matter by this Court is not only appropriate but required. Accordingly, plaintiffs request a speedy decision and an advance on this Court's calendar under 28 U.S.C. § 2201 and FRCP 57 and 65.

/////

/////

**195.** Plaintiffs request an award of: nominal damages; reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 or under any other applicable statutes; costs incurred in this litigation; and such further relief as the Court might deem just and appropriate.

Dated: May 14, 2010.

LEPISCOPO & MORROW, LLP

By: _____
        Peter D. Lepiscopo, Esq.,

        Attorneys for Plaintiffs, **STEVE BALDWIN**
        and **PACIFIC JUSTICE INSTITUTE**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

STEVE BALDWIN and PACIFIC JUSTICE INSTITUTE

**(b)** County of Residence of First Listed Plaintiff   San Diego

(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Peter Lepiscopo, CSB139583, Lepiscopo & Morrow, 2635 Camino del Rio South, Suite 109, San Diego, CA 92108; (619) 299-5343

## DEFENDANTS

KATHLEEN SEBELIUS, in her official capacity as Secretary of the United States Department of Health and Human Services

County of Residence of First Listed Defendant   District of Columbia

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

United States Attorney for the Southern District of California
880 Front Street, San Diego, California 92101

**10 CV 1033 DMS   WMC**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability | | ☐ 790 Other Labor Litigation | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | **SOCIAL SECURITY** | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | ☐ 861 HIA (1395ff) | | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | ☐ 862 Black Lung (923) | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | ☐ 863 DIWC/DIWW (405(g)) | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | ☐ 864 SSID Title XVI | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| | **CIVIL RIGHTS** | ☐ 865 RSI (405(g)) | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 441 Voting | **PRISONER PETITIONS** | | |
| | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | |
| | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | **IMMIGRATION** | |
| | ☐ 444 Welfare | ☐ 530 General | ☐ 462 Naturalization Application | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 463 Habeas Corpus - Alien Detainee | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | |
| | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
US Const. art. I, sec. 8; US Const. art. I, sec. 7; US Const. art. I, secs. 2 & 9; 4th, 5th, & 9th Amends

Brief description of cause:
Declaratory and injunctive relief re: New Health Care Legislation, P.L. 111-148 and P.L. 111-152

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $   1.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   05/14/2010

SIGNATURE OF ATTORNEY OF RECORD
Peter D. Lepiscopo, Esq., CSB #139583, Counsel of Record

**FOR OFFICE USE ONLY**

RECEIPT # 13524   AMOUNT $350—   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

MB 05-14-10

1
2

**ATTACHMENT TO CIVIL CASE COVER SHEET**
**(USDC Form No. JS 44 (Rev. 12/07)**

3
4

<u>**ADDITIONAL DEFENDANTS:**</u>

5
6

- **UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES**

7
8

- **HILDA L. SOLIS**, in her official capacity as Secretary of the United States Department of Labor

9
10

- **UNITED STATES DEPARTMENT OF LABOR**

11
12

- **TIMOTHY F. GEITHNER**, in his official capacity as Secretary of the United States Department of the Treasury

13

- **UNITED STATES DEPARTMENT OF THE TREASURY**

14
15

- **DOES 1** through **20**, inclusive

16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT TO CIVIL CASE COVER SHEET**

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS013524
Cashier ID: mbain
Transaction Date: 05/14/2010
Payer Name: PACIFIC JUSTICE INSTITUTE
--------------------------------
CIVIL FILING FEE
 For: BALDWIN V SEBELIUS
 Case/Party: D-CAS-3-10-CV-001033-001
 Amount:        $350.00
--------------------------------
CHECK
 Check/Money Order Num: 52768
 Amt Tendered:  $350.00
--------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:      $0.00


There will be a fee of $45.00
charged for any returned check.
```