UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE BALDWIN and PACIFIC JUSTICE INSTITUTE,<br><br>                              Plaintiffs,<br>   vs.<br><br>KATHLEEN SEBELIUS, et al.,<br><br>                             Defendants. | CASE NO. 10CV1033 DMS (WMC)<br><br>**ORDER DENYING PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Doc. 3] |

This matter comes before the Court on Plaintiffs' application for a temporary restraining order ("TRO") to prevent Defendants from enforcing the recently enacted health care legislation. Defendants filed an opposition. (Doc. 17.) Plaintiffs have also filed a motion for preliminary injunction, which is scheduled for hearing on July 16, 2010. (Doc. 6.) For the reasons set forth below, Plaintiffs' application for TRO is denied.

**I.**

**BACKGROUND**

Plaintiffs Steve Baldwin and the Pacific Justice Institute have filed suit seeking declaratory and injunctive relief from the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (Mar. 23, 2010), as amended by the Health Care and Education Reconciliation Act of 2010, Pub.L. No. 111-152, 124 Stat. 1029 (Mar. 30, 2010) (collectively the "Act".) Mr. Baldwin is a former member of the California Assembly and is a devout and practicing Christian. (Compl. ¶¶ 15, 17.)

1   Pacific Justice Institute is an education and legal defense organization that primarily represents
2   Christians and Christian religious organizations and non-profits. (*Id.* at ¶¶ 29-30.) Pacific Justice
3   Institute is an employer and it provides health insurance to its employees. (*Id.* at ¶ 27.) Defendants
4   are the United States Department of Health and Human Services ("HHS") and Kathleen Sebelius as
5   Secretary of the HHS, the Department of Labor ("DOL") and Hilda Solis as Secretary of the DOL, and
6   the Department of the Treasury ("DOT") and Timothy Geithner as Secretary of the DOT.

7   The Act was signed into law in March 2010, following lengthy public debate and discussion
8   regarding the issue of health care reform. One of the key provisions challenged by Plaintiffs is a
9   requirement that, beginning in 2014, individuals, with certain exceptions, must maintain a minimum
10  level of health insurance coverage or pay a penalty. Pub. L. No. 111-148 §§ 1501, 10106, *amended*
11  *by* Pub. L. No. 111-152 § 1002. The Act also imposes certain requirements on employers. *See* Pub.
12  L. No. 111-148 § 1513. Plaintiffs object to being compelled to comply with these provisions of the
13  Act. (Compl. ¶¶ 20, 47-49.)

14  Another issue raised during the health care debate was public funding of abortion. To that end,
15  following enactment of the Act, President Obama signed an executive order "to establish an adequate
16  enforcement mechanism to ensure that Federal funds are not used for abortion services." Exec. Order
17  No. 13,535, 75 Fed. Reg. 15,599 (Mar. 24, 2010). The Executive Order "maintains current Hyde
18  Amendment restrictions governing abortion policy and extends those restrictions to the newly created
19  health insurance exchanges." *Id.* Plaintiffs are "pro-life" and are concerned that despite the Executive
20  Order, public funds may be used for abortions. (Compl. ¶¶ 18, 36.)

21  Plaintiffs contend: 1) the Act is unconstitutional because Congress exceeded its power under
22  the Commerce Clause; 2) the Act violates Plaintiff Baldwin's Right to Privacy secured by
23  Amendments I, IV, V, and IX to the Constitution; 3) the Act violates Article I, Sections 2 and 9 of the
24  Constitution because it imposes a direct tax on individuals that is not apportioned according to the
25  census; 4) the Act violates Article I, Section 7, Clause 1 of the Constitution because its revenue raising
26  provisions originated in the United States Senate; 5) the Act violates Baldwin's Physician-Patient
27  privilege; 6) the Act violates Article V of the Constitution because Congress has effectively expanded
28  its Enumerated Powers under Article I without following the proper amendment process; 7) the Act

1  discriminates against men in violation of the Equal Protection Clause; 8) the Act is unclear as to
2  whether it allows public funding of abortion; and 9) that Secretary Sebelius has not complied with
3  Section 1552 of the Act. (Pls.' Appl. TRO 2-3.)

## II.

## DISCUSSION

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (noting that a temporary restraining order is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A party seeking injunctive relief under Federal Rule of Civil Procedure 65 must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter,* 129 S. Ct. at 374).

Plaintiffs filed the instant application on May 17, 2010. On May 19, 2010, Plaintiffs filed a motion for preliminary injunction, which is scheduled for hearing on July 16, 2010. The application for TRO is largely dedicated to whether or not the health care legislation is constitutional. Plaintiffs, however, fail to show that a TRO is necessary before the motion for preliminary injunction is heard. Plaintiffs request expedited relief because "Congress and the President's failure to pass constitutionally sound health care legislation undermines the rule of law," but there are no allegations that Plaintiffs will suffer any specific harm between now and the regularly scheduled motion for preliminary injunction. Accordingly, Plaintiffs' application for temporary restraining order is denied.

**IT IS SO ORDERED.**

DATED:  June 10, 2010

HON. DANA M. SABRAW
United States District Judge