# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE BALDWIN and PACIFIC JUSTICE INSTITUTE,<br><br>    Plaintiffs,<br><br>vs.<br><br>KATHLEEN SEBELIUS, et al.,<br><br>    Defendants. | CASE NO. 10CV1033 DMS (WMC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Docs. 6 & 22] |

Pending before the Court are Defendants' motion to dismiss and Plaintiffs' motion for preliminary injunction. For the reasons set forth below, Defendants' motion to dismiss is granted and Plaintiffs' motion for preliminary injunction is denied.

## I.
## BACKGROUND

Plaintiffs Steve Baldwin and the Pacific Justice Institute have filed suit seeking declaratory and injunctive relief based upon their challenge to the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (Mar. 23, 2010), as amended by the Health Care and Education Reconciliation Act of 2010, Pub.L. No. 111-152, 124 Stat. 1029 (Mar. 30, 2010) (collectively the "Act"). Plaintiff Baldwin is a former member of the California Assembly and is a "devout and practicing Christian." (Compl. ¶¶ 15, 17.) Plaintiff Pacific Justice Institute is an education and legal

defense organization which primarily represents Christians and Christian organizations. (*Id.* at ¶¶ 29-30.) Pacific Justice Institute is an employer and it provides health insurance to its employees. (*Id.* at ¶ 27.) Defendants are the United States Department of Health and Human Services ("HHS") and Kathleen Sebelius as Secretary of the HHS, the Department of Labor ("DOL") and Hilda Solis as Secretary of the DOL, and the Department of the Treasury ("DOT") and Timothy Geithner as Secretary of the DOT.

The Act was signed into law in March 2010, following lengthy public debate and discussion regarding the issue of health care reform. One of the key provisions challenged by Plaintiffs is a requirement that, beginning in 2014, individuals, with certain exceptions, must maintain a minimum level of health insurance coverage or pay a penalty. Pub. L. No. 111-148 §§ 1501, 10106, *amended by* Pub. L. No. 111-152 § 1002. The Act also requires employers of a certain size to provide health insurance for their employees or pay a penalty. *See* Pub. L. No. 111-148 § 1513. Plaintiffs object to being compelled to comply with these provisions of the Act. (Compl. ¶¶ 20, 47-49.)

Plaintiffs allege the Act is unconstitutional because Congress lacks authority under the Commerce Clause to require individuals and employers to purchase health insurance. Plaintiffs also allege Congress acted outside the scope of its enumerated powers in passing the Act, the penalty imposed for failure to purchase health insurance is a direct tax that was not apportioned among the states according to census data, and the revenue raising provisions of the Act did not originate in the House of Representatives. Baldwin further alleges the individual mandate of the Act violates his right to privacy and his physician-patient privilege.

In addition to the individual mandate and employer responsibility provisions, Plaintiffs challenge several other aspects of the Act. For example, Plaintiffs allege Secretary Sebelius failed to comply with Section 1552 of the Act, which required her, within 30 days after enactment of the Act, to "publish on the Internet website of the Department of Health and Human Services, a list of all of the authorities provided to the Secretary under this Act (and the amendments made by this Act)." Pub. L. No. 111-148 § 1552. Plaintiff Baldwin also raises a claim for violation of the Equal Protection clause. Specifically, Baldwin alleges he has health issues related to his prostate and desires increased research in men's health, including in the areas of prostate health and prostate cancer. (Compl. ¶ 16.)

1  Baldwin contends the Act is discriminatory because it creates several Offices of Women's Health, with unlimited monetary appropriations, without corresponding Offices of Men's Health. (Comp. ¶¶ 161-168.)

Finally, Plaintiffs are concerned that public funds will be used for abortion. Following enactment of the Act, the President of the United States signed an executive order "to establish an adequate enforcement mechanism to ensure that Federal funds are not used for abortion services." Exec. Order No. 13,535, 75 Fed. Reg. 15,599 (Mar. 24, 2010). The Executive Order "maintains current Hyde Amendment restrictions governing abortion policy and extends those restrictions to the newly created health insurance exchanges." *Id.* Nevertheless, Plaintiffs fear public funds will be used for abortions, (Compl. ¶¶ 18, 36), and seek a declaration prohibiting such use of public funds.

Plaintiffs filed suit on May 14, 2010, and soon thereafter sought to enjoin enforcement of the Act. (Docs. 1, 3 & 6.) On June 10, 2010, this Court denied Plaintiffs' motion for temporary restraining order on grounds that Plaintiffs had not shown such relief was necessary prior to the hearing on preliminary injunction. (June 10, 2010 Order at 2.) On June 25, 2010, Defendants filed their motion to dismiss. (Doc. 25.) The parties agreed to combine the motions, and to submit the motions without oral argument. (Docs. 20 & 32.) On August 2, 2010, the United States District Court for the Eastern District of Virginia ruled on a motion to dismiss in *Commonwealth of Virginia v. Sebelius, et. al.,* No. 3:10-cv-188-HEH, a case which also challenges the Act. The parties submitted supplemental briefing on the issues raised in that case. (Docs. 34-36.)

## II.

## DISCUSSION

Defendants move to dismiss Plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Defendants contend Plaintiffs lack standing to sue because they have not adequately alleged an injury-in-fact, Plaintiffs' claims are not ripe, and the claims are barred by the Anti-Injunction Act. Defendants also move to dismiss under Rule 12(b)(6) for failure to state a claim. Defendants correctly argue Plaintiffs lack standing, and as that issue is dispositive, the balance of Defendants' argument are not addressed.

.

To establish the "irreducible constitutional minium of standing" under Article III, § 2 of the United States Constitution, Plaintiffs must demonstrate: (1) an "'injury in fact' -- an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical," (2) the injury is fairly traceable to the action of the defendant, and (3) it is likely the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). A particularized injury is one that "affect[s] the plaintiff in a personal and individual way." *Id.* at 561 n. 1. Standing "requires federal courts to satisfy themselves that 'the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant *his* invocation of federal-court jurisdiction.'" *Summers v. Earth Island Inst.*, 129 S. Ct. 1142, 1149, ___ U.S. ___ (2009) (quoting *Warth v. Seldin*, 422 U.S. 490, 498-499 (1975) (original emphasis).

A plaintiff satisfies the injury in fact requirement if he or she suffers "some threatened or actual injury resulting from the putatively illegal action." *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 656 (9th Cir. Cal. 2002) (quotations omitted). Allegations of future injury will satisfy the requirement "only if [the plaintiff] 'is *immediately* in danger of sustaining some *direct* injury as the result of the challenged official conduct.'" *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (original emphasis). Further, "a plaintiff raising only a generally available grievance about government -- claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large -- does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74; *see also Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 474 (1982) (discussing prudential standing considerations and noting that "the Court has refrained from adjudicating 'abstract questions of wide public significance' which amount to 'generalized grievances,' pervasively shared and most appropriately addressed in the representative branches."). Plaintiffs bear the burden of establishing standing, *Summers,* 129 S. Ct. at 1149, and as discussed below, fail to meet their burden.

In Claims One through Four of the Complaint, Plaintiffs allege Congress violated several constitutional provisions when instituting the individual mandate and employer responsibility provisions of the Act. Plaintiffs, however, do not allege any particularized injury stemming from the

1  Act. The employer responsibility provision applies to employers with at least 50 full time equivalent
2  employees. Pub. L. No. 111-148 § 1513(d)(2)(A). Pacific Justice makes no allegation that it has, or
3  will have, 50 full time employees at the time the mandate takes effect. Further, even if the Act applied
4  to Plaintiff, Pacific Justice already provides health insurance to its employees. Its current coverage
5  may satisfy the requirements under the Act when it goes into effect; however it is impossible to know
6  now whether or not Plaintiff will be subject to or compliant with the Act in 2014. As to Plaintiff
7  Baldwin, he does not indicate whether he has health insurance or not. But that is of no moment
8  because, even if he does not have insurance at this time, he may well satisfy the minium coverage
9  provision of the Act by 2014: he may take a job that offers health insurance, or qualify for Medicaid
10 or Medicare, or he may choose to purchase health insurance before the effective date of the Act.

11 Nevertheless, Plaintiffs argue they have standing because the provisions of the Act are certain
12 to take effect in 2014 and the record before the Court would not benefit from further factual review.
13 These arguments, however, ignore the requirement of an injury in fact. While Plaintiffs state they "do
14 not consent to being compelled to comply" with the Act, they cannot manufacture standing by
15 withholding their consent to the law. While Plaintiffs object to the mandate to purchase health
16 insurance, they have not shown they would be subject to any penalty as a result of the Act. To the
17 extent Plaintiffs seek relief because "Congress['s] and the President's failure to pass constitutionally
18 sound heath care legislation undermines the rule of law," Pls.' Mot. Prelim. Inj. at 3, Plaintiffs are
19 simply airing generalized grievances that the Court is precluded from adjudicating. *Lujan*, 504 U.S.
20 at 573-74. Accordingly, Claims One through Four are dismissed for lack of standing.

21 Next, in Claims Six and Seven, Baldwin alleges the individual mandate of the Act violates his
22 right of privacy because it interferes with his "right to be free from unwanted and unwarranted
23 governmental intrusion into matters so fundamentally affecting a person such as the decision whether
24 and to what extent to subject one's own body to medical treatment or being compelled by the
25 government to maintain health insurance." (Compl. ¶ 136.) Baldwin further alleges that several
26 provisions of the Act require him to provide a broad range of personal and private information, which
27 violates his privacy rights and physician-patient privilege. (*Id.* at ¶¶ 134, 147-149.)

28

  Here again, Plaintiffs do not cite any provision of the Act which forces Baldwin to submit to unwanted medical treatment, nor is there any allegation that Baldwin's decisions regarding medical treatment have been affected by the Act. Simply put, Baldwin fails to allege a particularized injury stemming from violation of his privacy rights. If he has health insurance, the provisions of the Act may well have no affect on him; if he does not have insurance, he alleges no facts that he would not purchase health insurance in 2014, but for the requirements of the Act.

  Baldwin further objects to "being compelled by sections 1002, 1331, 1441, 3015, and 3504 of the Act to provide a broad range of personal and private marital, tax, financial, health, and/or medical related information; nor did he consent to this information being collected, aggregated, integrated, and disseminated by and between the federal government, state and local governments, and private entities." (Compl. ¶¶ 134, 147.) But Plaintiff does not, nor can he at this time, allege that he has been compelled by the Act to provide personal information, that his personal information has been used improperly, or that use of his personal information has in any way eroded his physician-patient privilege.[1] Plaintiffs' Sixth and Seventh claims are therefore dismissed for lack of standing.

  Next, Plaintiffs allege in their Fifth claim for relief that Secretary Sebelius failed to comply with Section 1552 of the Act by failing to publish certain information on the HHS website. Yet, Plaintiffs do not allege an injury stemming from this alleged failure. This claim is therefore dismissed for lack of standing.

  Next, Baldwin alleges in his Eighth claim for relief that the Act created five Offices of Women's Health. Baldwin contends that since the Act did not create corresponding Offices for Men's Health, the Act violates the Equal Protection Clause of the United States Constitution. Defendants point out that the Offices of Women's Health existed prior to the creation of the Act. Again, Plaintiff has failed to demonstrate that the Act has caused him injury.

  Finally, in Claim Nine of their complaint, Plaintiffs seek a declaration that public funds may not be used for abortions. Plaintiffs argue that despite the Hyde Amendment and the Executive Order

---

[1] Notably, there is no cause of action for violation of an evidentiary privilege. *See In re Madison Guar. S&L Ass'n*, 173 F.3d 866, 869 (D.C. Cir. 1999) ("We know of no authority, and indeed perceive no logic, that would support the proposition that the Rules of Evidence create any cause of action or ever provide standing.").

which "maintains current Hyde Amendment restrictions governing abortion policy and extends those restrictions to the newly created health insurance exchanges," loopholes exist and community health centers may nevertheless use public funds for abortions. Plaintiffs object to public funds being used for abortion. Plaintiffs' objection, however, states only a generalized grievance. Because no particularized injury is alleged, nor is there any allegation that public funds actually have been used for abortions, Plaintiffs have failed to establish standing to assert this claim.

## III.
## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted without prejudice and Plaintiffs' motion for preliminary injunction is denied. Because Plaintiffs' claims fail on standing grounds, the Court declines to reach other issues raised in the briefs. Plaintiffs may file an amended complaint on or before September 10, 2010.

**IT IS SO ORDERED.**

DATED: August 27, 2010

_____
HON. DANA M. SABRAW
United States District Judge