1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE BALDWIN *et al.*,<br><br>                                Plaintiffs,<br><br>   vs.<br><br>KATHLEEN SEBELIUS, *et al.*,<br><br>                            Defendants. | CASE NO. 10cv1033 DMS (WMC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO RECONSIDER, VACATING OCTOBER 17, 2010 ORDER, DENYING PLAINTIFFS' EX PARTE APPLICATION AND DISMISSING CASE** |

Defendants filed a motion to reconsider the October 17, 2011 order of this Court granting Plaintiffs' ex parte application for an extension of time to file an amended complaint. Plaintiffs filed an opposition and Defendants replied. For the reasons which follow, Defendants' motion is **GRANTED**.

On August 27, 2010, the Court denied Plaintiffs' motion for a preliminary injunction and granted Defendants' cross-motion to dismiss with leave to amend. Both motions were decided based on Plaintiffs' lack of Article III standing. Although Plaintiffs were granted leave to amend the complaint no later than September 10, 2010, they did not do so, but instead filed a notice of appeal on August 30, 2010. On August 12, 2011, the Ninth Circuit affirmed, and the Mandate was issued on October 4, 2011. On October 5, 2011, Plaintiffs filed in this Court an ex parte application seeking leave to amend the complaint to cure the Article III standing issues, because the time to do so had expired while the case was on appeal. (Opp'n at 4.) Defendants did not file an opposition, and on

1   October 17, 2011, the Court granted Plaintiffs' ex parte application.  Pursuant to Federal Rule of Civil

2   Procedure 54(b), Defendants move to reconsider the October 17, 2011 order.

3           As an initial matter, it is notable the Court could in its discretion grant Plaintiffs' ex parte

4   application as unopposed.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995); *see also* Civ. Loc.

5   Rule 7.1(f)(3)(b) & (c).  Defendants raised their opposition to the ex parte application for the first time

6   in their motion to reconsider.

7           Defendants claim the October 17, 2010 order was erroneous because the Court lacked

8   jurisdiction to grant Plaintiffs' application.  They contend that once judgment is entered, a motion for

9   leave to amend can only be entertained if the judgment is reopened pursuant to Federal Rule of Civil

10  Procedure 59 or 60.  *See Lindauer v. Rogers*, 91 F.3d 1355 (9th Cir. 1996).  Because Plaintiffs did not

11  file a Rule 59 or 60 motion, Defendants argue, the Court should not have granted the ex parte

12  application.  The argument is based on the erroneous premise that a judgment was entered.  This issue

13  was explicitly addressed on appeal.  The Court of Appeals noted that "notice of appeal was filed

14  *before* judgment was entered."  *Baldwin v. Sebelius*, 654 F.3d 877, 878 (9th Cir. 2011) (emphasis

15  added).  Defendants concede that no judgment has been entered in this Court.[1]  (Reply at 3.)  To the

16  extent Defendants contend that judgment entered in the Court of Appeals divested this Court of

17  jurisdiction, their argument is rejected as unsupported by legal authority.  None of the cases cited by

18  Defendants addresses a judgment entered on appeal.  See Mem. of P.&A. at 2 & 5 and cases cited

19  therein.  Moreover, appellate jurisdiction in this case was taken under 28 U.S.C. Section 1292(a)(1),

20  allowing for interlocutory appeal of injunctive relief orders.  *Baldwin v. Sebelius*, 654 F.3d 877, 878

21  (9th Cir. 2011).  Judgment on appeal must be entered after the appellate court issues an opinion,

22  whether the appeal is interlocutory or from a final judgment, and regardless of any further district

23  court proceedings directed by the appellate opinion.  *See* Fed. R. App. Proc. 36(a).  The judgment

24  entered by the Court of Appeals therefore did not divest this Court of jurisdiction.  Defendants'

25  jurisdictional argument is rejected.

26

27  _____

28          [1]      Furthermore, Defendants' motion to reconsider, filed under Rule 54(b), can only be granted "before the entry of a judgment."  Fed. R. Civ. Proc 54(b).

1        Defendants next claim that Plaintiffs waived their right to amend the complaint because they

2 filed a notice of appeal rather than an amended complaint.  When a party foregoes exercising its right

3 to amend the complaint, but allows a judgment to be entered so that an appeal can be taken, the party

4 has waived the right to amend.  *Rick-Mik Enters., Inc. v. Equilon Enters, LLC*, 532 F.3d 963, 977 (9th

5 Cir. 2008).  As with Defendants' jurisdictional argument, the waiver argument requires entry of a final

6 judgment.

7        Defendants rely on out-of-circuit cases for the proposition that filing a notice of appeal,

8 without more, waives the right to amend the complaint.  (*See* Mem. of P.&A. at 5.)  The most

9 persuasive case cited is *Schuurman v. Motor Vessel "Betty K V,"* 798 F.2d 442 (11th Cir. 1986).  It

10 sought to avoid the mischief of confusion regarding finality of district court orders and the resulting

11 delay in litigation discussed in *Jung v. K.&D. Mining Co.*, 356 U.S. 335 (1958).  798 F.2d at 445.

12 *Schuurman* held that when a plaintiff chooses not to file an amended complaint within the time

13 granted by the district court, but instead files an appeal before judgment is entered, the order of

14 dismissal becomes final for purposes of appellate jurisdiction and the plaintiff waives his right to later

15 amend.  *Id.*  The waiver is necessary to limit the plaintiff's "ability to manipulate the rules." *Id.* at

16 445-46.

17        Defendants' out-of-circuit authorities are unavailing because the Ninth Circuit no longer

18 follows the same rule.  In a case presenting essentially the same procedural posture, the Ninth Circuit

19 initially held, like *Schuurman*, that "because the plaintiffs elected to stand on the complaint and appeal

20 rather than amend, the district court dismissal is a final appealable order." *WMX Technol., Inc. v.

21 Miller*, 80 F.3d 1315, 1318 (9th Cir. 1996).  Upon rehearing *en banc*, this rule was expressly rejected.

22 *WMX Technol., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).  The Court declined to follow

23 *Schuurman* and other out-of-circuit authority because it found its own rule better addressed *Jung*'s

24 purpose of avoiding confusion on finality issues.  *Id.* at 1136.  It held that "a plaintiff who has been

25 given leave to amend may not file a notice of appeal simply because he does not choose to file an

26 amended complaint. . . . A final judgment must be obtained before the case becomes appealable."

27 *Id.* at 1136, 1137.  Accordingly, the plaintiff waives his right to amend when he allows the final

28

10cv1033

judgment to be entered. *Rick-Mik*, 532 F.3d at 977. No final judgment was entered in this case. Defendants' waiver argument is therefore rejected.

Finally, Defendants argue that Plaintiffs's ex parte application did not meet the standard for granting leave to amend under Federal Rule of Civil Procedure 15(a). This argument misapprehends the posture of the case. The Court granted leave to amend in the August 27, 2010 order. Accordingly, Plaintiffs' subsequent ex parte application was construed as a request for an extension of time within which to file, and was considered under Rule 6(b) rather Rule 15(a). Defendants' argument is therefore rejected.

Nevertheless, in light of the relevant procedural facts, brought to the Court's attention for the first time in Defendants' motion to reconsider, there is good cause to reconsider Plaintiffs' ex parte application. *See City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882 (9th Cir. 2001) (inherent authority to reconsider interlocutory orders before entry of judgment). Plaintiffs requested an extension of time to file their amended complaint after the time to amend had expired. Accordingly, to meet the good cause requirement for extension of time, Plaintiffs must show excusable neglect. Fed. R. Civ. Proc. 6(b).

*Pioneer Investment Services Company v. Brunswick Associates* established a balancing test to determine whether an untimely filing is due to excusable neglect. 507 U.S. 380, 395 (1993); *see also Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (*en banc*). "Excusable neglect" covers negligence on the part of counsel. *See Pincay*, 389 F.3d at 856. The determination of whether neglect is excusable is an equitable one that depends on at least four factors:

(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.

*Pincay*, 389 F.3d at 855 (citing *Pioneer*, 507 U.S. at 395).

Plaintiffs' delay did not result from neglect but a deliberate decision. They admit that "[i]nstead of filing an amended complaint, Plaintiffs *decided* to appeal." (Opp'n at 3 (emphasis added).) Similarly, they represented to the Court of Appeals they elected to stand on their unamended pleading. *Baldwin*, 654 F.3d at 878. This decision caused a lengthy delay in the proceedings in this

Court.  Leave to amend, granted in the August 27, 2010 order, expired on September 10, 2010.  Plaintiffs did not return to this Court to request an extension until October 5, 2011.  Moreover, Plaintiffs imposed substantial work and expense on Defendants and the Court of Appeals when they appealed the finding that they lacked Article III standing.  If they were allowed to amend the standing allegations at this stage, they could appeal the same issue again, doubling the burden imposed on Defendants and the Court of Appeals.  This would be contrary to "the historic federal policy against piecemeal appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).  Finally, Plaintiffs' actions raise the possibility that they were not taken in good faith but to manipulate the judicial process.  In an attempt to avoid dismissal for lack of appellate jurisdiction, Plaintiffs represented to the Court of Appeals that they elected to stand on their unamended pleading. *Baldwin*, 654 F.3d at 878.  They are making a contrary representation to this Court to ensure they can still amend their complaint following their unsuccessful appeal.   To allow Plaintiffs to benefit under these circumstances would grant them an unfair advantage.

Based on the foregoing, Defendants' motion to reconsider is **GRANTED**.  The Order Granting Plaintiffs' Ex Parte Application, filed October 17, 2010 is **VACATED**, and Plaintiffs' ex parte application is **DENIED**.  Plaintiffs' amended complaint, filed October 31, 2010, is rejected as untimely filed.  Accordingly, for the reasons stated in the August 27, 2010 order granting Defendants' motion to dismiss, this action is **DISMISSED** for lack of Article III standing.  The Clerk is directed to enter judgment.

**IT IS SO ORDERED.**

DATED:  January 31, 2012

_____
HON. DANA M. SABRAW
United States District Judge

10cv1033